UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ALICE BARRETT AS EXECUTRTIX OF
ESTATE OF JOHN BARRETT, DECEASED,
And ALICE BARRETT, individually

05 CV 0722 A/sr

CIVIL ACTION FILE NO.:

Plaintiffs,

-against-

COMPLAINT

FILED
OCT 11 2005
CLERK, US DIST...
CELEBRATING 10 YEARS...
TO WESTERN NEW YORK

THE UNITED STATES OF AMERICA,

Defendants.
-----------------------------------------------------------------------X

Plaintiffs, ALICE BARRETT, as Excecutrix of Estate of JOHN BARRETT, deceased, and ALICE BARRETT, individually, by their attorneys, **WOLF & FUHRMAN. P.C.** complaining of the defendant herein, respectively shows to this Court and alleges as follows:

## I. INTRODUCTION

1. Plaintiffs herein seek redress in the form of monetary damages for the bodily injuries suffered by the JOHN BARRETT, decedent, as a proximate result of the medical malpractice caused by the physicians at the BUFFALO VA MEDICAL CENTER, located at 3495 Bailey Avenue, Buffalo, New York, 14215. The plaintiff, ALICE BARRETT was appointed executrix of the estate of the deceased, JOHN BARRETT, by J. Joseph Shifflett on December 7, 2004. (See Certificate of Appointment, annexed and made part of this Complaint as **EXHIBIT A.**) The plaintiff's decedent, JOHN BARRETT

was injured at the aforesaid location when the physicians thereat failed to diagnose lung cancer despite continuous treatment in VA Hospital Buffalo. Consequently, this caused a delay in diagnosis, a dramatic reduction in JOHN BARRETT's life, greatly reducing JOHN BARRETT's chance for survival, leading to the extension and metastasis of the cancer, necessitating more extensive chemotherapy, and increasing the plaintiff's decedent, JOHN BARRETT's pain and suffering. It is alleged that the physicians at the BUFFALO VA MEDICAL CENTER, were acting within the scope of their employment with the United States Government. The requisite claim forms were filed on behalf of the plaintiff within the two (2) years statutory period. To date, neither the plaintiff nor his counsel has received a denial or payment of said claim. It has been more than six (6) months since the government has been noticed for all of the plaintiffs' claims. A claim form providing notice of medical malpractice as against the deceased, JOHN BARRETT was filed on April 29, 2004. (See SF 95 Claim Form annexed and made part of this Complaint as **EXHIBIT B**.) An additional claim form adding wrongful death as against the deceased, JOHN BARRETT, was noticed upon the Department of Veterans Affairs on December 31, 2004. (See SF 95 Claim Form with cover letter dated 12.31.2004, annexed and made part of this complaint as **EXHIBIT C**.) Additionally, see written communications between the Department of Veterans Affairs and dated June 28, 2004, July 22, 2004, July 28, 2004, July 30, 2004, August 31, 2004, and May 2, 2005, confirming the Department of Veterans Affairs receipt of the plaintiffs' notice of both the medical malpractice claim and a claim for wrongful death, annexed and made part of this Complaint as **EXHIBITS D – I**, respectively.)

## II. JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. Section 1346 (b) and 28 U.S.C. Section 2671.

## III. PARTIES

3. That all times hereinafter mentioned the plaintiff, ALICE BARRETT, was and still is a resident of the County of Erie, City and State of New York.

4. At all times hereinafter mentioned the Department of Veterans Affairs is a federal agency for the UNITED STATES OF AMERICA.

## IV. FACTS and FIRST CAUSE OF ACTION

5. At all times hereinafter mentioned and upon information and belief, defendant UNITED STATES OF AMERICA owned the BUFFALO VA MEDICAL CENTER.

6. That all times hereinafter mentioned, and upon information and belief, the defendant UNITED STATES OF AMERICAS, operated, controlled and staffed the BUFFALO VA MEDICAL CENTER, located in Buffalo, New York.

7. That the defendant UNITED STATES OF AMERICA, owned operated, managed and controlled the medical facility known as BUFFALO VA MEDICAL CENTER, for the care of sick and ailing persons, located at 3495 Bailey Avenue, Buffalo, New York 11415.

8. That at all times hereinafter mentioned, that the physicians at the BUFFALO VA MEDICAL CENTER, were agents, servants and/or employees of the defendant UNITED STATES OF AMERICA and were working within the scope of their

employment during the course of their care and treatment of the plaintiff's decedent, JOHN BARRETT.

9. That at all times hereinafter mentioned, the defendant, their agents servants and/or employees undertook and agreed to render medical care, services and/or treatment to the plaintiff and did render medical care, service and/or treatment of plaintiff's lung and pulmonary pathology(ies) commencing from on or about January 1, 2003 through and including November 13, 2003 and continuing thereafter until the plaintiff's decedent's demise on or about August 8, 2004.

10. Defendant, UNITED STATES OF AMERICA their agents, servants and/or employees were negligent in failing to diagnose and treat plaintiff's decedent JOHN BARRETT's lung cancer despite continuous treatment in the VA Hospital Buffalo, New York, where for approximately 12 years plaintiff's decedent made multiple complaints and presented with radiographic findings that with adherence to the usual standards of accepted medical care, the diagnosis of lung cancer should have been made. Specifically, transthoracic needle biopsy was and is the procedure of choice for diagnosing indeterminate pulmonary masses, such as had occurred with plaintiff's decedent, JOHN BARRETT. If this direct and simple procedure had been timely performed in a timely fashion, than the Pancoast type tumor present in the plaintiff's decedent, considered to be a slow grower and late metastasizer, would have been more likely than not resectable with prolonged survival and curable.

11. As a result of the foregoing, the plaintiff was rendered sick, sore lamed, disabled and expired prior to which time he suffered injuries, pain and mental anguish,

and was compelled to seek medical care and was permanently injured and disabled with no fault of the plaintiff herein.

12. The aforesaid negligent act of commission and/or omission of defendant was the proximate cause of injuries sustained by the plaintiff.

13. That by reason of the foregoing negligence of the said defendant, the plaintiff's decedent, **JOHN BARRETT**, suffered from the effects of his aforesaid injuries and was in continuous pain and inconvenience until his demise on or about August 8, 2004.

14. That by reason of the foregoing, plaintiff's decedent, **JOHN BARRETT**, was compelled and did necessarily require medical/surgical aid and attention and did necessarily pay and become liable therefore for medicines until his demise on or about August 8, 2004.

15. That as a result of the defendant's negligence as aforesaid, **ALICE BARRETT AS EXECUTRTIX OF ESTATE OF, JOHN BARRETT, DECEASED,** was damaged in a sum of Two Million dollars. ($2,000,000.00)

### V. SECOND CAUSE OF ACTION

16. Plaintiff repeats reiterates and realleges each and every allegation contained in the paragraphs as complained numbered "1" through "15" with the same force and effect as it fully sets forth herein at length.

17. At all times herein and during the time of the occurrence of the medical malpractice, plaintiff, ALICE BARRETT was the spouse of the plaintiff's decedent, JOHN BARRETT.

18. That solely as a result of the acts of the defendant heretofore alleged, the plaintiff, ALICE BARRETT, has been caused to lose the companionship, society and consortium of her husband and has been caused to expend large sums of money in an effort to heal him, all to her damage in an amount of One Million dollars. ($1,000,000)

## VI. THIRD CAUSE OF ACTION, FOR WRONGFUL DEATH

19. Plaintiff, **ALICE BARRETT, as Executrix of the Estate of JOHN BARRETT**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" as if more fully set forth here at length.

20. As a consequence of the foregoing, decedent, died on August 8, 2004.

21. As a Consequence of the foregoing, the Estate and the survivors of the decedent were severely damaged.

22. That by reason of the foregoing, the death of **JOHN BARRETT**, was wrongfully caused, and plaintiffs were caused to experience economic, financial, pecuniary and other damages, and were caused to incur various expenses and loss of services as a result thereof.

23. By reason of the foregoing, the plaintiff has been damaged by the defendant In the sum of Five Hundred Thousand dollars. ($500,000)

## II. CLAIM FOR RELIEF

WHEREFORE, plaintiffs, **ALICE BARRETT AS EXECUTRTIX OF ESTATE OF, JOHN BARRETT, DECEASED, and ALICE BARRETT, individually**, request the following relief:

(a) First Cause of Action: $2,000,000

(b) Second Cause of Action: $1,000,000

(c) Third Cause of Action: $500,000

(b) Interest, costs, legal fees; and

(c) Such other and further relief as to this Court appears reasonable and just.

Dated: ~~New York~~ Malverne, New York
September 23, 2005

Yours etc.,

**WOLF & FUHRMAN**

MARVIN D. FUHRMAN, ESQ. (MDF 2762)
Attorneys for Plaintiffs
ALICE BARRETT AS EXECUTRTIX OF
ESTATE OF, JOHN BARRETT, DECEASED,
and ALICE BARRETT, individually,
306 Hempstead Avenue
Malverne, NY 11561
(516) 561-8360